UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CSX TRANSPORTATION, INC.,
500 Water Street,
Jacksonville, Florida 32202,

    Plaintiff,

    v.

UNITED TRANSPORTATION UNION,
14600 Detroit Avenue,
Cleveland, Ohio 44107-4250,

and

RUFUS MCINTYRE,
General Chairman, United Transportation Union,
General Committee of Adjustment,
9550 Regency Square Boulevard, Suite 904,
Jacksonville, Florida 32225,

and

JOHN AND JANE DOE UTU-REPRESENTED
CSX EMPLOYEES NOS. 1 THROUGH 100,
Addresses unknown,

    Defendants.

Civil Action No. 3:05-CV-672-J-25TEM

## ORDER

Upon consideration of plaintiff CSX Transportation, Inc.'s (CSX) Verified Complaint, Motion for Temporary Restraining Order and Preliminary Injunction, defendant McIntyre's declaration, and oral argument, the Court finds that a Temporary Restraining Order prior to hearing upon motion for a preliminary injunction should issue against defendants United Transportation Union (UTU), UTU General Chairman Rufus McIntyre, and John and Jane Doe

1

Dockets.Justia.com

UTU-Represented CSX Employees Nos. 1 through 100 (John and Jane Doe UTU Members) (collectively, defendants). CSX is a common carrier by railroad, furnishing transportation services essential to the operation of many industrial plants and shippers employing many thousands of persons throughout the eastern United States.

This Court further finds that injunction relief is proper in this case. This Court finds: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) an injunction would not be adverse to the public interest. *Four Seasons Hotels & Resorts v. Consorcio Barr*, 320 F.3d 1205, 1210 (11th Cir. 2003).

This Court finds that CSX is likely to prevail on the merits of its claim that defendants' work stoppage violates the Railway Labor Act (RLA).

An interruption of the services rendered by CSX will cause irreparable injury to CSX in the form of lost revenue and business and may seriously affect the operations of electric utilities, industrial plants and other shippers served by CSX, which is adverse to the public interest.

This Court further finds that defendants may disregard and violate the RLA by engaging in work stoppages or slowdowns while this case awaits hearing and that, as to each item of relief requested, greater injury will be inflicted upon CSX by the denial of relief than will be incurred by defendants by the granting thereof; and that CSX has no adequate remedy at law.

Accordingly, it is **ORDERED** that defendants and all persons in active concert or participating with them are restrained from:

Ordering, encouraging, inducing, attempting to induce, condoning, or participating in any work stoppage or slowdown at CSX or its subsidiaries or affiliates.

IT IS FURTHER ORDERED:

That defendants are instructed to take all reasonable and necessary steps to end any existing or threatened work stoppage or slowdown including notifying all union officials, members and agents of the issuance of this Order and affirmatively instructing defendants' members to avoid such a work stoppage or slowdown;

(2) That defendants UTU and McIntyre notify, by the most expeditious means possible, all employees of CSX that they represent of the issuance, contents, and meaning of this Temporary Restraining Order;

(3) That the notice described in (2) above include a directive from defendants to those CSX employees they represent who are engaging in any type of work stoppage or slow down that they are to cease and desist all such activity and to cease and desist all exhortations or communications encouraging the same;

(4) That defendants UTU and McIntyre post the notice and directives in (2) and (3) above on defendants' internet web sites and provide a copy of the posting to plaintiff by 9:00 a.m. on July 21, 2005;

(5) That defendants UTU and McIntyre report by 5:00 p.m. on July 21, 2005, by sworn affidavit, to CSX and the Court the methods used to effect the notice described above to CSX's employees that defendants represent.

The Temporary Restraining Order is upon condition that a bond be filed by CSX in the sum of $ 50,000, conditioned that CSX shall pay to the defendants such damages, not exceeding the sum of $50,000 as it may sustain by reason of the Temporary Restraining Order if it shall be finally decided that CSX is not entitled thereto.

The Temporary Restraining Order shall remain in effect until **4:00 p.m. on July 29, 2005.**

Further, a hearing shall be held on the issuance of the requested preliminary injunction on Thursday, **July 28, 2005 at 3:30 p.m.** in Courtroom 10A, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida. All papers filed pursuant to the preliminary injunction hearing must be filed by **4:00 p.m. on July 26, 2005.**

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of July 2005, at 2:10 p.m.

HENRY LEE ADAMS, JR.
United States District Judge

4