## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**CSX TRANSPORTATION, INC.,**

    **Plaintiff,**

            **v.**

**Civil Action No. 3:05-CV-672-J-25TEM**

**UNITED TRANSPORTATION UNION,**

**RUFUS MCINTYRE,**

**and**

**JOHN AND JANE DOE UTU-REPRESENTED
CSX EMPLOYEES NOS. 1 THROUGH 100,**

    **Defendants.**

_____

## ORDER

Upon consideration of Plaintiff CSX Transportation, Inc.'s (CSX) Verified Complaint, Plaintiff's Motion for Preliminary Injunction (Dkt. 18), Defendants' Opposition, both parties' exhibits, and oral argument, the Court finds:

CSX is a common carrier by railroad, furnishing transportation services essential to the operation of many industrial plants and shippers employing many thousands of persons throughout the eastern United States. CSX asserts that it is entitled to a preliminary injunction against Defendants because they were engaged in a concerted work stoppage or slowdown in the Erwin, Tennessee area. CSX's Motion for Preliminary Injunction seeks to enjoin these Defendants from engaging in a similar work stoppage or slowdown in the future.

1

In the Eleventh Circuit, the considerations for granting a preliminary injunction have been clearly established:

> The movant must demonstrate:(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) an injunction would not be adverse to the public interest.

*Four Seasons Hotels & Resorts v. Consorcio Barr*, 320 F.3d 1205, 1210 (11th Cir. 2003).

In a labor dispute, the Court looks to the similar criterion found in 29 U.S.C. Section 107, which reads in relevant part:

> No court of the United States shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, as defined in this chapter, except after hearing the testimony of witnesses in open court (with opportunity for cross-examination) in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered, and except after findings of fact by the court, to the effect–
>
> 1. (a) That unlawful acts have been threatened and will be committed unless restrained or *have been committed and will be continued unless restrained*, but no injunction or temporary restraining order shall be issued on account of any threat or unlawful act excepting against the person or persons, association, or organization making the threat or committing the unlawful act or   actually authorizing or ratifying the same after actual knowledge thereof;

(b) That *substantial and irreparable injury* to complainant's property *will follow*;

(c) That as to each item of relief granted greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by the granting of relief;

(d) That complainant has no adequate remedy at law; and

(e) That the public officers charged with the duty to protect complainant's property are unable or unwilling to furnish adequate protection.

(Emphasis added).

Further, the Court notes that "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites. 'The burden of persuasion in all of the four requirements is at all times upon the [moving party].'" *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir.1983) (quoting *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir.1974)). Thus, Plaintiff bears the burden of establishing that it has met all of the prerequisites for issuance of the preliminary injunction.

The Court finds that Plaintiff has not met all of the prerequisites for issuance of a preliminary injunction. First, Plaintiff has not proven that "unlawful acts have been committed;" Plaintiff has failed to prove a work stoppage occurred. Plaintiff's statistical evidence of a work stoppage has been sufficiently rebutted by Defendants' proffered statistics. Defendant argues and Plaintiff all but concedes that there is presently no work stoppage or slowdown. In addition, even if there was a work slowdown or stoppage when Plaintiff's

3

Complaint in this case was filed, this Court finds that there is no work slowdown or stoppage at the present time.

Further, even if Plaintiff did establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper. *United States v. Lambert,* 695 F.2d 536, 540 (11th Cir.1983) (affirming denial of preliminary injunction and stating that a plaintiff's "success in establishing a likelihood it will prevail on the merits does not obviate the necessity to show irreparable harm").

Plaintiff has not shown that "[the work stoppage] will be continued unless restrained." An asserted irreparable injury "must be neither remote nor speculative, but actual and imminent." *Northeastern Florida Chapter of Ass'n of General Contractors of America v. City of Jacksonville,* 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting *Tucker Anthony Realty Corp. v. Schlesinger,* 888 F.2d 969, 973 (2d Cir.1989)); *accord, Chacon v. Granata,* 515 F.2d 922, 925 (5th Cir.1975) ("An injunction is appropriate only if the anticipated injury is imminent and irreparable."). At this time, Plaintiffs simply cannot demonstrate a threat of continuing irreparable harm. Evidently, the dispute regarding Plaintiff's ability to adjust the labor pools is being dealt with via the procedures outlined in the parties, collective bargaining agreement.

Most importantly, the Court simply does not find that there is an imminent threat of a strike, stoppage or slowdown. Thus, Plaintiff cannot demonstrate actual irreparable harm. For all of the state reasons, the Court finds Plaintiff has failed to demonstrate that it is entitled to injunctive relief.

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion for a Temporary Restraining Order (Dkt. 2) is **MOOT**.

2. Plaintiff's Motion for Preliminary Injunction (Dkt.18) is **DENIED.**

      **DONE AND ORDERED** at Jacksonville, Florida, this 29th day of July 2005.

**HENRY LEE ADAMS, JR.**
United States District Judge

Copies to:

Counsel of record